## STATE BOARD OF ACCOUNTANCY v. GERARDIS.
### No. 73-7371.
Circuit Court, Broward County.

December 20, 1973.

W. J. Oven, Jr., Tallahassee, for the plaintiff.

W. Michael Brinkley of Zeiher & Brinkley, Fort Lauderdale, for the defendant.

LAMAR WARREN, Circuit Judge.

*Final judgment:* This cause is before the court on plaintiff's motion for summary judgment; the parties agreed at hearing that the matter might be disposed of by a ruling on the motion.

The complaint alleges a violation of F.S. 473.021, it being charged that notwithstanding the fact that the defendant has never held a certificate authorizing him to practice public accounting in the state of Florida, he maintains an office in Pompano Beach and is engaging in the practice of accounting within the state and is holding himself out to the public as being qualified to practice public accounting. It is further alleged that among other unlawful acts, the defendant displays in his office a certificate of membership in the American Institute of Certified Public Accountants and a certificate to practice as a certified public accountant issued to him by the New Jersey State Board of Certified Public Accountants; and that he is using stationery on which he states he is a member of the above two organizations and describes himself as an accountant and a tax counselor.

The file reflects defendant's letterhead essentially to be as follows —

Louis J. Gerardis
Accountant
Member:
American Institute of Certified Public Accountants
*N. J. Society of Certified Public Accountants*
Not registered with Florida Board of Accountancy

Admittedly, the defendant does not hold a certificate to practice as a certified public accountant in Florida. And pursuant to an interrogatory, asking him to state the purpose of maintaining his office, he answered, "The purpose of this office is to provide a general accounting and bookkeeping service and for the purpose of preparing federal, state and county tax reports." To other interrogatories as to whether he had displayed in his office a certificate of membership in the American Institute of Certified Public Accountants and a certificate as a certified public accountant issued to him by the New Jersey State Board of Public Accountants, he answered in the affirmative.

§473.021, Florida Statutes, follows —

No person may practice in this state as a certified public accountant or public accountant, nor hold himself out to the public as being qualified to practice public accounting, or any phase or branch thereof, in the state, unless such person shall hold a certificate in good standing issued by the board as a certified public accountant or as a public accountant then in full force and effect under the provisions of this chapter, or shall be the holder of a special permit issued under the provisions of this chapter.

Special permits are issued to out-of-state practitioners in "fulfilling specific engagements." §473.131.

§473.04 provides in part that the board "shall formulate rules for its guidance, not inconsistent with the provisions of this chapter, and shall print the same for distribution."

Defendant, however, seeks to bring himself under plaintiff's rule 21A-6.06, which provides —

No person who is not the holder of a certificate from the Board to practice as a Certified Public Accountant or Public Accountant shall hold himself out as engaged in or as qualified to engage in the practice of public accounting and no such person shall indicate by letterhead, card, advertisement, announcement, signs, directories or otherwise that he is a member of, or is associated with any association, society or other group of accountants, or public accountants, unless such statement or indication shall be followed by the words "Not registered with the State Board of Accountancy", "Not licensed by the State Board of Accountancy", or similar words in letters of equal size and prominence to those indicating association, society or other group.

It appears from the argument in plaintiff's brief that it is the above alleged display and stationery use of which plaintiff complains.

Plaintiff's answer to rule 21A-6.06 is that "if effective," it applies only to those persons who hold no certificate as a CPA from any jurisdiction. While plaintiff does not state in its brief how it reaches this application, the court agrees. Plaintiff does state that it regards the rule as effective.

Defendant's activities are controlled by §473.021, and not by the rule. If the rule is effective for any purpose, it applies to persons other than the defendant, it appearing to be derived or based largely upon a statement in Florida Accountants Association v. Dandelake, Fla., 98 So.2d 323, 329. In that case the defendant corporation and its members were not certified public accountants or public accountants. In discussing the contentions, the court said that the defendants (appellant association and its members) "do not

claim a constitutional right to use the designation 'certified public accountant' or 'public accountant.' They simply want to do ordinary accounting work without, as they put it, being relegated to the position of 'enslaved laborers' in the offices of certified public accountants and contend that they have a constitutional right to do so." The court believed there was merit to their contention, and stated —

> So long as the defendants do not use the statutory title of "certified public accountant" or "public accountant" or any other designation that might mislead the public into believing that they hold a certificate from the State Board — for example, "licensed accountant," "registered accountant," "certified accountant," "enrolled accountant" might create such a false impression — we think they have a right to work at their chosen profession and to call themselves "accountants" rather than "bookkeepers." Although the lower court did not reach this point, since it was unnecessary, it might be noted that a letterhead, card or advertisement indicating that a person is a member of the defendant "Florida Accountants Association" might tend to mislead the public, so that the State Board could reasonably require that such statement be followed by a notation "not certified by the State Board of Accountancy" or similar words.

§473.021 prohibits defendant, who is a CPA in another jurisdiction, from practicing in this state as a certified public accountant, or holding himself out to the public as being qualified to practice public accounting, unless he shall hold a certificate in good standing issued by the board as a certified public accountant. Defendant apparently is not the holder of a special permit (§473.13), nor has he taken advantage of a reciprocal certificate which may be issued to a holder of a certificate issued by another state (§473.201).

The board has no authority to formulate a rule inconsistent with §473.021; as the rule is applied to defendant, who is not one of the persons considered in the *Dandelake* case, supra, the rule would be inconsistent with §473.021, it being remembered that pursuant to §473.04 the board shall formulate rules not inconsistent with the provisions of Chapter 473.

To permit a defendant to refer to his memberships and display his certificates, as here, would permit a CPA, regardless of where licensed, to practice his profession in Florida without regulation by the agency to which Florida practitioners must answer.

Where defendant shows on his letterhead membership in the American Institute and in the N. J. Society and displays a certificate of membership in the American Institute and a certificate as a certified public accountant issued to him by the New Jersey State

Board, he collides with the prohibition in §473.021 against holding himself out to the public as being qualified to practice public accounting. This also would be true of a business card with such memberships.

It is therefore adjudged that defendant be and he is hereby enjoined from imprinting on his letterhead, or business card, membership in the American Institute of Certified Public Accountants and in the N. J. Society of Certified Public Accountants, and from displaying publicly in his office a certificate of membership in the American Institute of Certified Public Accountants and a certificate as a certified public accountant issued to him by the New Jersey State Board of Public Accountants, until he complies with the provisions of Chapter 473.